## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

JOHN LARANCUENT, on behalf of himself and all others similarly situated,

      Plaintiff,

v.

PEOPLECONNECT, INC., INTELIUS LLC, PUBREC, LLC, THE CONTROL GROUP
MEDIA COMPANY, LLC, INSTANT CHECKMATE, LLC, and TRUTHFINDER, LLC,

      Defendants.

---

## CLASS ACTION COMPLAINT AND JURY DEMAND

---

Plaintiff John Larancuent ("Plaintiff"), individually and on behalf of all others similarly

situated, brings this Class Action Complaint for violations of Colo. Rev. Stat. § 6-1-304

(Colorado's "Prevention of Telemarketing Fraud Act" or "PTFA") against Defendants

PeopleConnect, Inc. ("PeopleConnect"), Intelius LLC ("Intelius"), PubRec, LLC ("PubRec"),

The Control Group Media Company, LLC ("Control Group"), Instant Checkmate, LLC ("Instant

Checkmate"), and Truthfinder, LLC ("Truthfinder") (collectively, "Defendants").  Plaintiff

makes the following allegations pursuant to his counsel's investigation and based upon

information and belief, except as to allegations specifically pertaining to himself, which are

based on personal knowledge.

### NATURE OF ACTION

    1.      On May 27, 2005, former Colorado Governor Bill Owens signed into law HB05-

1288,[1] which amended the PTFA to prohibit commercially listing a cell phone number in a directory, without permission.[2]  *See* Colo. Rev. Stat. § 6-1-304(4)(a)(I).

2.      This prohibition is designed to protect privacy.  As former State Representative Mark Cloer,[3] a prime sponsor of HB05-1288,[4] stated in describing this new portion of the PTFA: "[m]ost people view their cell phones as private. They give out the number to friends and family and some colleagues. When their cell phone rings, they expect it to be important."[5]

3.      Indeed, concern over cell phone privacy is widespread.  According to a research paper presented in May 2005 at the American Association for Public Opinion Research (AAPOR)'s Annual Conference[6] and January 2006 at the American Statistical Association (ASA)'s Second International Conference on Telephone Survey Methodology:[7]

> [T]here appears to be a strong reluctance on the part of cell phone owners to have their cell phone numbers listed in a directory. …
>
> This reluctance on the part of respondents to have their cell phone number listed in a directory may be rooted in not wishing to incur additional costs due to unsolicited incoming calls. …
>
> A more likely reason for their unwillingness to have their cell phone

---

[1] https://www.leg.state.co.us/clics2005a/csl.nsf/fsbillcont2/1BB0D3E00348AC6987256F90007C20C7?Open.  *See also* https://leg.colorado.gov/sites/default/files/images/olls/2005a_sl_180.pdf.

[2] https://www.leg.state.co.us/CLICS2005A/commsumm.nsf/IndSumm/574E34C489356ADA87256FB100612E60?OpenDocument. *See also* https://www.leg.state.co.us/CLICS2005A/commsumm.nsf/91320994cb8e0b6e8725681d005cb995/574e34c489356ada87256fb100612e60?OpenDocument.

[3] *See* https://www.leg.state.co.us/clics2005a/directory.nsf.

[4] https://lawcollections.colorado.edu/colorado-session-laws/islandora/object/session%3A36205 at p. 2461.  *See also* https://www.leg.state.co.us/CLICS2005A/csl.nsf/StatusAll?OpenFrameSet.

[5] https://www.9news.com/article/news/local/politics/legislative-library-feb-23-2005/73-344789916.

[6] https://aapor.org/wp-content/uploads/2024/05/AAPORPrograms2005.pdf at pp. 13, 84.

[7] https://scholar.google.com/citations?view_op=view_citation&hl=en&user=I2jkzr0AAAAJ&citation_for_view=I2jkzr0AAAAJ:M3ejUd6NZC8C; https://ww2.amstat.org/meetings/tsmii/2006/index.cfm?fuseaction=main.

2

number listed is that respondents view the cell phone as more of a private medium of communication than their land-line phone. They probably wish to restrict access to their cell phone number to family and friends.[8]

4.      The Colorado General Assembly enacted subsection (4) of the PTFA to address these privacy concerns and to protect cell phone users from the misappropriation of their personal information.  This aligns with the PTFA's overall purpose, as articulated by Colo. Rev. Stat. § 6-1-301:

> The general assembly hereby finds, determines, and declares that the use of telephones for commercial solicitation is rapidly increasing; that this form of communication offers unique benefits, but entails special risks and poses the potential for abuse; that the general assembly finds that the widespread practice of fraudulent and deceptive commercial telephone solicitation has caused substantial financial losses to thousands of consumers, and, particularly, elderly, homebound, and otherwise vulnerable consumers, and is a matter vitally affecting the public interest; and, therefore, that the general welfare of the public and the protection of the integrity of the telemarketing industry requires statutory regulation of the commercial use of telephones.

5.      Colo. Rev. Stat. § 6-1-304(4) provides:

> (a)    On or after September 1, 2005, a person commits an unlawful telemarketing practice if the person knowingly:
>
>> (I)    Lists a cellular telephone number in a directory for a commercial purpose unless the person whose number has been listed has given affirmative consent, through written, oral, or electronic means, to such listing[.]

6.      Despite this abundantly clear proscription, Defendants have listed the cellular telephone numbers of thousands of Colorado residents in their for-sale and for-profit directories, without requesting (let alone actually receiving) affirmative consent to such listings.

---

[8] http://www.asasrms.org/Proceedings/y2005/files/JSM2005-000345.pdf at p. 4005.

7.      Thus, while Defendants profit handsomely from their unauthorized commercial listing of Plaintiff's and other Class Members' personal information, Defendants do so at the expense of Coloradans' statutory privacy rights, under the PTFA.

8.      Not only is Defendants' misappropriation unlawful – it is also dangerous.  The Federal Trade Commission's ("FTC") report on "Data Brokers" states:

> There are a number of potential risks to consumers from data brokers' collection and use of consumer data. … [T]hey may facilitate the sending of advertisements … which some consumers may find troubling and which could undermine their trust in the marketplace. Moreover, … people search products can be used to facilitate harassment, or even stalking, and may expose domestic violence victims, law enforcement officers, prosecutors, public officials, or other individuals to retaliation or other harm. [In addition, s]toring [d]ata [a]bout [c]onsumers [i]ndefinitely [m]ay [c]reate [s]ecurity [r]isks[.][9]

9.      Plaintiff brings this action to prevent Defendants from further violating the privacy rights of Colorado cell phone users and to recover statutory damages from Defendants, pursuant to Colo. Rev. Stat. § 6-1-305(1)(c).

## PARTIES

10.      Plaintiff John Larancuent is, and has been at all relevant times, a resident and citizen of Aurora, Colorado. Plaintiff's cellular telephone number was listed by Defendants in their directories, available at intelius.com and zabasearch.com, to advertise and/or actually sell products and services.  Defendants never requested – and Plaintiff never provided – affirmative consent, through written, oral, or electronic means, to such listings.  In fact, Plaintiff has no relationship with Defendants whatsoever.  Plaintiff had never heard of Defendants and had no reasonable

---

[9] https://www.ftc.gov/system/files/documents/reports/data-brokers-call-transparency-accountability-report-federal-trade-commission-may-2014/140527databrokerreport.pdf at p. 48.

ability to discover Defendants' use of his personal information until shortly before filing suit.

11.    Defendant PeopleConnect, Inc. ("PeopleConnect") is a Delaware corporation with its principal place of business at 1687 114th Avenue SE, Suite 200, Bellevue, Washington 98004.

12.    Defendant Intelius LLC ("Intelius") is a Delaware limited liability company with its principal place of business at 375 Camino De La Reina, Suite 400, San Diego, California 92108.

13.    Defendant PubRec, LLC ("PubRec") is a Delaware limited liability company with its principal place of business at 375 Camino De La Reina, Suite 400, San Diego, California 92108.

14.    Defendant The Control Group Media Company, LLC ("Control Group") is a Delaware limited liability company with its principal place of business at 375 Camino De La Reina, Suite 400, San Diego, California 92108.

15.    Defendant Instant Checkmate, LLC ("Instant Checkmate") is a Delaware limited liability company with its principal place of business at 375 Camino De La Reina, Suite 400, San Diego, California 92108.

16.    Defendant Truthfinder, LLC ("Truthfinder") is a Delaware corporation with its principal place of business at 375 Camino De La Reina, Suite 400, San Diego, California 92108.

17.    On information and belief, Defendants have operated as a common enterprise while engaging in the unlawful acts and practices alleged herein.  Defendants are an interrelated network of companies that have common ownership, officers, managers, financial arrangements, business functions, employees, and office locations.  Because Defendants have operated as a common enterprise, each of them is jointly and severally liable for the acts and practices alleged.

18.    Defendants operate the substantially similar directories instantcheckmate.com, intelius.com, truthfinder.com, ussearch.com, and zabasearch.com. Therein, and for commercial

purposes, Defendants have listed the cellular telephone numbers of thousands of individuals whom Defendants know to reside in Colorado.

## JURISDICTION AND VENUE

19.    The Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. 1332(d) *et seq.* in that the proposed Class consists of over 100 people, the Classes are minimally diverse, on information and belief more than $5 million is at issue, and none of the exceptions to CAFA jurisdiction applies.

20.    The Court has personal jurisdiction over Defendants because Defendants regularly transact business in Colorado and a substantial part of the events giving rise to the claims asserted herein occurred in Colorado.  Defendants' tortious conduct – listing the cellular telephone numbers of thousands of individuals whom Defendants know to reside in Colorado, without requesting or receiving said individuals' affirmative consent – caused injury in Colorado and thus constituted a tort here.

21.    Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants conduct significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in and was directed to this District. Venue is additionally proper because Plaintiff resides in Arapahoe County, Colorado, which is in this District.

//

//

//

//

6

## LEGAL AND FACTUAL BACKGROUND

**I.      Overview of Defendants' Directories**

22.      Defendants are data brokers – companies "that collect consumers' personal information and resell or share that information with others[.]"[10]

23.      Specifically, Defendants provide online "people search" (also known as "people finder") services.  People search companies, like Defendants, specialize in compiling vast amounts of information about individuals from various sources, such as public records, social media, and other data brokers.[11]

24.      Defendants and their competitors monetize said personal details through their directories – some of which are ad-supported and give users free access to the data, and others of which furnish reports about people for a fee.

25.      Defendants' directories are available at instantcheckmate.com, intelius.com, truthfinder.com, ussearch.com, and zabasearch.com.  There, anyone on the Internet can view Coloradans' cell phone numbers, addresses, email addresses, and much more.

26.      This is achieved by simply searching an individual by name, city, state, phone number, address, and/or other parameters:[12]

         //

         //

         //

---

[10] https://www.ftc.gov/system/files/documents/reports/data-brokers-call-transparency-accountability-report-federal-trade-commission-may-2014/140527databrokerreport.pdf at p. i.

[11] https://consumer.ftc.gov/articles/what-know-about-people-search-sites-sell-your-information.

[12] Here and in the subsequent paragraphs, instantcheckmate.com is pictured first; intelius.com is pictured second; truthfinder.com is pictured third; ussearch.com is pictured fourth; and zabasearch.com is pictured fifth.











27.     Users of instantcheckmate.com, intelius.com, truthfinder.com, ussearch.com, and zabasearch.com can also find people listed by last name (i.e., those with last names starting with the letter "A"):[13]



---

[13] https://www.instantcheckmate.com/people/0/; https://www.intelius.com/names/0/; https://www.truthfinder.com/people-search/0/; https://www.ussearch.com/people-search/0/; https://www.zabasearch.com/people/0/.



28.     After entering this information, instantcheckmate.com, intelius.com, truthfinder.com, ussearch.com, and zabasearch.com users are furnished a list of search results. Each result corresponds to an actual person that Defendants have located who matches the searched parameters.[14]  Zabasearch.com search results include searched individuals' cell phone number(s).  All of the websites' search results include a plethora of other identifying information.

---

[14] Note, in these images of instantcheckmate.com, intelius.com, truthfinder.com, ussearch.com, and zabasearch.com's search results, Plaintiff's counsel has redacted certain sensitive personal information (black portions).











29.     Instantcheckmate.com, intelius.com, truthfinder.com, and ussearch.com make

available paid, full background reports that includes searched individuals' cell phone number(s)

and a comprehensive view into said individuals' other private details.[15]



---

[15] Note, in these images of instantcheckmate.com, intelius.com, truthfinder.com, and ussearch.com's paid, full background reports, certain sensitive personal information has been redacted in grey and black for privacy preservation purposes. Defendants, themselves, do not redact this information.









## Personal Information

This section contains known aliases, birth information, and potential imposters gleaned from public records.

First Name    Middle Name    Last Name

### Birth Information

Age    Born

### Known Aliases



## Location Information

This section includes all of the locations related to this person. Locations listed may include current residence, past residences, and places of work.

| Dates Seen At Address | Classification | Address Type | Is Deliverable |
|---|---|---|---|
| | Residential | Street<br>Address Contains a Valid<br>Primary Number Range | Yes |
| Is Receiving Mail | Phone Numbers | | |
| Yes | (270) | | |

| Dates Seen At Address | Classification | Address Type | Is Deliverable |
|---|---|---|---|
| | Residential | Street<br>Address Contains a Valid<br>Primary Number Range | Yes |
| Is Receiving Mail | Phone Numbers | | |
| Yes | (203) | | |



## Contact Information

This section contains phone numbers, previous phone number and email addresses associated with

### Possible Phone Numbers

| Phone Carrier | Line Type | Carrier Location | Prepaid | |
|---|---|---|---|---|
| New Cingular Wrls Ga | Mobile | | No | |

| Phone Carrier | Line Type | Carrier Location | Prepaid | Connected |
|---|---|---|---|---|
| Windstream Kentucky<br>East Inc - London | Voip | | No | No |

| Phone Carrier | Line Type | Carrier Location | Prepaid | Connected |
|---|---|---|---|---|
| Windstream Kentucky<br>East Inc - London | Landline | | No | No |







30.     As the above images of Defendants' websites make clear, Defendants' directories are substantially similar.  And Defendants knowingly list Coloradans' cell phone numbers therein.  Instantcheckmate.com says: "the Contact Information page[ ] might contain phone numbers and tell you whether they're landlines or cell phones as well as who the carrier is."[16] Intelius.com says: "The contact information section is where you may find … landline phone numbers and cell phone numbers that are currently or previously were owned by the person."[17] Truthfinder.com says: through "the TruthFinder platform, you'll be able to see their latest cell phone numbers."[18]  USSearch.com says: "Phone number information may include cell phone and landline numbers associated with a person or property."[19]  The meta description HTML element[20] on https://www.zabasearch.com/reverse-phone-lookup/ reads: "Uncover the possible owners of cell phones, landlines and VOIP numbers."



ZabaSearch
https://www.zabasearch.com › reverse-phone-lookup

Free** Reverse Phone Number Lookup(s)
... reverse Phone Number Lookup(s) using Zabasearch. Uncover the possible owners of **cell phones, landlines and VOIP numbers. Discover the owners of phone numbers**
Area Code 503 · Area Code 858 · Area Code 223 · 272 Area Code

31.     To acquire a full background report from instantcheckmate.com, a user can either buy a one-month subscription for $35.47 or buy a three-month subscription for $85.13.[21]  To

---

[16] https://www.instantcheckmate.com/crimewire/post/how-to-find-contact-information-for-someone/.

[17] https://www.intelius.com/blog/what-information-is-available-with-an-intelius-people-search/.

[18] https://www.truthfinder.com/infomania/follow-these-steps-to-find-someones-cell-phone-number-by-their-name/.

[19] https://www.pro.ussearch.com/features/.

[20] *See, e.g.*, https://developers.google.com/search/docs/appearance/snippet.

[21] https://www.instantcheckmate.com/pricing/.

acquire a full background report from intelius.com, a user can either buy a one-month subscription for $25.11 or buy a two-month subscription for $42.69.[22]  To acquire a full background report from truthfinder.com, a user can either buy a one-month subscription for $28.33 or buy a two-month subscription for $47.03.[23]  To acquire a full background report from ussearch.com, a user can buy a one-month subscription for $19.86.[24]  Zabasearch.com directs users who wish to "search for [full] background reports" to intelius.com.





[22] https://www.intelius.com/pricing/.

[23] https://www.truthfinder.com/pricing/.

[24] https://www.techradar.com/reviews/us-search.







32.    Thus, the listing of Plaintiff's and Class Members' cell phone numbers is for a
commercial purpose.  Indeed, that is Defendants' entire business model.  Defendants are literally
selling Plaintiff's and Class Members' cell phone numbers and accompanying information to
their customers and subscribers.

## II.    Defendants' Conduct Harms Coloradans

33.    Consumer data is key to the $26 billion-per-year online advertising industry in the
United States.[25]  Clearly, and per the FTC, consumer data possesses inherent monetary value:

> Most consumers cannot begin to comprehend the types and amount of
> information collected by businesses, or why their information may be
> commercially valuable. Data is currency. The larger the data set, the
> greater potential for analysis – and profit.[26]

34.    In fact, individuals' private information has become such a valuable commodity
that companies now offer individuals the opportunity to monetize their personal data.[27]

35.    These companies' business models capitalize on a fundamental principle
underlying the modern information marketplace: Consumers recognize the economic value of
their private data.  Along these lines, research shows that consumers are willing to pay a
premium to purchase services from companies that adhere to more stringent policies of

---

[25] http://online.wsj.com/article/SB10001424052748703529004576160764037920274.html.

[26] https://www.ftc.gov/sites/default/files/documents/public_statements/remarks-ftc-exploring-privacy-roundtable/091207privacyroundtable.pdf at p. 2.

[27] *See, e.g.*, https://www.washingtonpost.com/technology/2023/02/06/consumers-paid-money-data/; http://www.nytimes.com/2012/02/13/technology/start-ups-aim-to-help-users-put-a-price-on-their-personal-data.html; https://techcrunch.com/2023/08/16/caden-lands-15m-to-let-users-monetize-their-personal-data/; https://www.theverge.com/2019/6/11/18661595/facebook-study-app-monitor-phone-usage-pay; https://sifted.eu/articles/gener8; https://www.theverge.com/2012/2/8/2785751/google-screenwise-panel-web-monitoring-knowledge-networks; https://www.sidehustlenation.com/get-paid-for-your-data/; https://millennialmoneyman.com/get-paid-for-your-data/.

protecting their data.[28]  A 2014 survey conducted by Harris Interactive on behalf of TRUSTe,

Inc. showed that 89 percent of consumers avoid doing business with companies who they believe

do not protect their privacy.[29]  The same is true for 80 percent of smartphone users, who say that

they avoid using smartphone apps that they don't believe protect their privacy.[30]

     36.     Defendants' misappropriation of Coloradans' cell phone numbers undeniably

deprives state residents of the ability to enjoy their PTFA privacy rights.  It also deprives them of

the real, quantifiable value of such data.

     37.     Further, "[p]eople search sites … offer a wealth of information that can be exploited

by malicious actors."[31]  For one, "[b]undling [personal data] all together and making it so easily

accessible can … put ordinary people at risk of … stalking and other forms of harassment."[32]

Second, people search sites' "comprehensive data allows cybercriminals to build detailed profiles

of potential victims, making it easier to craft convincing scams or carry out identity theft."[33]  This

"put[s] almost anyone within the reach of fraudulent telemarketers[]" and other wrongdoers.[34]

     38.     Information disclosures like Defendants' are particularly dangerous to the elderly.

"Older Americans are perfect telemarketing customers, analysts say, because they are often at

---

[28] *See, e.g.*, https://web.archive.org/web/20240420201259/https://www.enisa.europa.eu/publications/monetising-privacy/@@download/fullReport; https://citeseerx.ist.psu.edu/document?repid=rep1&type=pdf&doi=8b70320d110370c82ca9cbab768db58b74878234.

[29] *See* https://web.archive.org/web/20190820142832/http://www.theagitator.net/wp-content/uploads/012714_ConsumerConfidenceReport_US1.pdf at p. 3.

[30] *Id.*

[31] https://www.foxnews.com/tech/dangerous-intersection-people-search-sites-scams.

[32] https://innovation.consumerreports.org/Data-Defense_-Evaluating-People-Search-Site-Removal-Services-.pdf.

[33] https://www.foxnews.com/tech/dangerous-intersection-people-search-sites-scams.

[34] http://www.nytimes.com/2007/05/20/business/20tele.html.

home, rely on delivery services, and are lonely for the companionship that telephone callers provide."[35]  The FTC notes that "[t]he elderly often are the deliberate targets of fraudulent telemarketers who take advantage of the fact that many older people have cash reserves or other assets to spend on seemingly attractive offers."[36]

39.    Making matters worse, "[o]nce marked as receptive to [a specific] type of spam, a consumer often is bombarded with similar fraudulent offers from a host of scam artists."[37]

## CLASS ALLEGATIONS

40.    Pursuant to Fed. R. Civ. P. 23, Plaintiff seeks to represent a class defined as all Colorado residents whose cell phone numbers were listed on one of Defendants' websites (the "Class").

41.    Plaintiff reserves the right to modify the Class definition, including by using subclasses, as appropriate based on further investigation and discovery obtained in the case.

42.    **Numerosity:** The Class is composed of at least thousands of individuals, the joinder of which in one action would be impracticable.  The disposition of their claims through this class action will benefit both the parties and the Court.

43.    **Existence and Predominance of Common Questions of Fact and Law:** There is a well-defined community of interest in the questions of law and fact involved affecting the members of the proposed Class.  The questions of law and fact common to the proposed Class predominate over questions affecting only individual Class Members.  Such questions include,

---

[35] *Id.*

[36] https://www.ftc.gov/sites/default/files/documents/public_statements/prepared-statement-federal-trade-commission-fraud-against-seniors/agingtestimony.pdf at p. 1.

[37] *Id.* at p. 3.

but are not limited to, the following: whether Defendants violated Colo. Rev. Stat. § 6-1-304(4)(a)(I); and whether Plaintiff and Class Members are entitled to damages, reasonable attorneys' fees, pre-judgment interest and costs of this suit, pursuant to Colo. Rev. Stat. § 6-1-305(1)(c).

44.    **Typicality:** The claims of the named Plaintiff are typical of the claims of the Class because Plaintiff, like all other Class Members, had his cell phone number listed on Defendants' websites for a commercial purpose; Defendants did so without requesting or receiving Plaintiff's affirmative consent (through written, oral, or electronic means); and Defendants' misappropriation of Plaintiff's personal data (including the economic value thereof) came at the expense of Plaintiff's PTFA privacy rights.

45.    **Adequacy:** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

46.    **Superiority:** The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class. Each individual Class Member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action

device presents far fewer management difficulties and provides the benefits of single

adjudication, economy of scale, and comprehensive supervision by a single court on the issue of

Defendants' liability.  Class treatment of the liability issues will ensure that all claims and

claimants are before this Court for consistent adjudication of the liability issues.  Finally,

Defendants have acted or refused to act on grounds generally applicable to the entire Class,

thereby making it appropriate for this Court to grant final injunctive relief and declaratory relief

with respect to the Class as a whole.

## CAUSES OF ACTION

### COUNT I
**Violation of the Prevention of Telemarketing Fraud Act,
Colo. Rev. Stat. § 6-1-304(4)(a)(I)**

47.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

48.     Plaintiff brings this claim individually and on behalf of the members of the

proposed Class against Defendants.

49.     Colo. Rev. Stat. § 6-1-304(4) provides:

(a)     On or after September 1, 2005, a person commits an unlawful
telemarketing practice if the person knowingly:

(I)     Lists a cellular telephone number in a directory for a
commercial purpose unless the person whose number has
been listed has given affirmative consent, through written,
oral, or electronic means, to such listing[.]

50.     Defendants failed to comply with this PTFA mandate.

51.     Defendants knowingly list Coloradans' cell phone numbers. Instantcheckmate.com

says: "the Contact Information page[ ] might contain phone numbers and tell you whether

they're landlines or cell phones as well as who the carrier is."[38]  Intelius.com says: "The contact

information section is where you may find … landline phone numbers and cell phone numbers

that are currently or previously were owned by the person."[39]  Truthfinder.com says: through

"the TruthFinder platform, you'll be able to see their latest cell phone numbers."[40]

USSearch.com says: "Phone number information may include cell phone and landline numbers

associated with a person or property."[41]  The meta description HTML element[42] on

https://www.zabasearch.com/reverse-phone-lookup/ reads: "Uncover the possible owners of cell

phones, landlines and VOIP numbers."

52.    Defendants' websites, instantcheckmate.com, intelius.com, truthfinder.com,

ussearch.com, and zabasearch.com, are directories – i.e., an "electronic resource containing lists

of information, usually in alphabetical order, for example people's phone numbers or the names

and addresses of businesses in a particular area[.]"  *Directory*, Oxford Learner's Dictionary,

https://oxfordlearnersdictionaries.com/us/definition/english/directory.[43]  Defendants admit as

much, referring to each of instantcheckmate.com, intelius.com, truthfinder.com, ussearch.com,

---

[38] https://www.instantcheckmate.com/crimewire/post/how-to-find-contact-information-for-someone/.

[39] https://www.intelius.com/blog/what-information-is-available-with-an-intelius-people-search/.

[40] https://www.truthfinder.com/infomania/follow-these-steps-to-find-someones-cell-phone-number-by-their-name/.

[41] https://www.pro.ussearch.com/features/.

[42] *See, e.g.*, https://developers.google.com/search/docs/appearance/snippet.

[43] *See also Directory*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/directory ("an alphabetical or classified list (as of names and addresses)[.]"); *Directory*, Cambridge Essential American English Dictionary, https://dictionary.cambridge.org/us/dictionary/essential-american-english/directory ("a book or list of names and numbers"); *Directory*, AllWords.com Multi-Lingual Dictionary, https://www.allwords.com/word-directory.html ("A list of names, address etc., of specific classes of people or organizations, often in alphabetical order or in some classification.").

and zabasearch.com as a "directory."[44]

53.    Defendants engage in this conduct for a commercial purpose. The purpose behind listing individuals' personal information – including cell phone numbers – on instantcheckmate.com, intelius.com, truthfinder.com, ussearch.com, and zabasearch.com is to generate ad revenue and entice users to acquire access to Defendants' paid, full background reports.

54.    Defendants never request nor receive Coloradans' "affirmative consent, through written, oral, or electronic means, to such listing[.]" Colo. Rev. Stat. § 6-1-304(4)(a)(I). Rather, Defendants list the cell phone numbers of Coloradans they have never engaged with, have had no connection to, and who are unaware of Defendants' existence.

55.    Defendants' misappropriation of Class Members' personal data (including the economic value thereof) came at the expense of Class Members' PTFA privacy rights. It deprived Class Members of the real, quantifiable value of such data. And it exposed Class Members to elevated risks of stalking, harassment, scams, identity theft, and unwanted telemarketing.

56.    Thus, on behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class; (3) damages, pursuant to Colo. Rev. Stat. § 6-1-305(1)(c), of at least three hundred dollars and not more than five hundred dollars for each first offense, and at least five hundred dollars and not

---

[44] *See, e.g.*, https://www.instantcheckmate.com/people/0/; https://www.intelius.com/names/0/; https://www.truthfinder.com/people-search/trending-people (with title HTML element reading "People Search Directory…"); https://www.ussearch.com/people-search/0/; https://www.zabasearch.com/people/0/.

more than one thousand dollars for each second or subsequent offense; and (4) reasonable

attorneys' fees and other litigation costs pursuant to Colo. Rev. Stat. § 6-1-305(1)(c).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff on behalf of himself and the proposed Class, respectfully

requests that this Court enter an Order:

(a)    Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as the representative of the Class, and appointing Plaintiff's counsel as Class Counsel;

(b)    Declaring that Defendants' actions, as set out above, violate Colo. Rev. Stat. § 6-1-304(4)(a)(I) (Colorado's "Prevention of Telemarketing Fraud Act" or "PTFA");

(c)    Awarding damages, pursuant to Colo. Rev. Stat. § 6-1-305(1)(c), of at least three hundred dollars and not more than five hundred dollars for each first offense, and at least five hundred dollars and not more than one thousand dollars for each second or subsequent offense;

(d)    Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an Order requiring Defendants to comply with the PTFA;

(e)    Awarding Plaintiff and the Class their reasonable attorneys' fees and other litigation costs pursuant to Colo. Rev. Stat. § 6-1-305(1)(c);

(f)    Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

(g)    Awarding such other and further relief as equity and justice may require.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury for all issues so triable.

Dated:  December 18, 2024                  Respectfully submitted,


                                            _____/s/ Patrick H. Peluso_____
                                            One of Plaintiff's Attorneys

                                            **PELUSO LAW LLC**
                                            Patrick H. Peluso
                                            865 Albion Street, Suite 250
                                            Denver, CO 80220
                                            Telephone: (720) 805-2008
                                            Facsimile: (720) 336-3663
                                            E-Mail: ppeluso@pelusolawfirm.com

                                            **BURSOR & FISHER, P.A.**
                                            Joseph I. Marchese*
                                            Matthew A. Girardi*
                                            1330 Avenue of the Americas, 32nd Floor
                                            New York, NY 10019
                                            Telephone: (646) 837-7150
                                            Facsimile: (212) 989-9163
                                            E-mail: jmarchese@bursor.com
                                                       mgirardi@bursor.com

                                            *Admission to be sought*

                                            *Counsel for Plaintiff and the Putative Class*