IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03498

JOHN LARANCUENT, *on behalf of himself and others similarly situated*,

        Plaintiffs,

v.

PEOPLECONNECT, INC., *et al.*,

        Defendants.

## NOTICE OF RELATED CASES

Pursuant to D.C.COLO.LCivR 3.2, Defendants PeopleConnect, Inc., Intelius LLC, PubRec, LLC, The Control Group Media Company, LLC, Instant Checkmate, LLC and Truthfinder, LLC (collectively, "Defendants") hereby file this Notice of Related Cases, and in support thereof states of follows:[1]

    1.    Pursuant to D.C.COLO.LCivR 3.2, Defendants hereby notify this Court of *four other* pending similar putative class actions filed by the same attorneys:

- *Aufrichtig v. Enformion, LLC*, 1:24-cv-03405-DDD-MDB

- *Larancuent v. Checkpeople, LLC et al*, 1:24-cv-03497-KAS

- *Larancuent v. PeopleConnect, Inc. et al*, 1:24-cv-03498-GPG-NRN

- *Tucker et al v. Spokeo, Inc.*, 1:24-cv-03499-KAS

- *Tucker v. Whitepages, Inc.*, 1:24-cv-03500-NRN

---

[1] By submitting this Notice of Related Cases Defendants expressly reserve and do not waive any challenges including, without limitation, personal jurisdiction.

1

These matters (some of which involve common plaintiffs) qualify as related because they "are filed serially or collectively as a group by the same attorney or law firm." *See* D.C.COLO.LCivR 3.2(b)(2). Four of these matters have consecutive case numbers.

2. Very broadly, each case involves a single putative class action claim alleging a violation of Colo. Rev. Stat. § 6-1-304(4)(a)(I), alleging improper listing of cellular telephone numbers on the respective defendant's website(s). Each case involves a substantively identical putative class definition. To undersigned counsel's knowledge, these five cases are the first cases ever filed under this provision in the 20 years since its enactment.

3. These cases will raise related issues including, for example, substantial constitutional questions relating to the First Amendment and preemption. Thus, these cases may benefit from coordinated treatment before a single judge and magistrate to avoid, among other issues, potentially unnecessary simultaneous duplicative briefing of the same fundamental (and constitutional) questions before different courts.

4. To be clear, Defendants do not believe these cases should be *consolidated*, but rather would benefit from coordination before a single judge in light of the similar substantial issues likely to arise.

5. Defendants respectfully suggest that, should it be determined that these matters are related and should proceed before a single judge, the transferee court set a status hearing to determine the most judicially efficient path forward.

Respectfully submitted,

*/s/ David M. Krueger*
DAVID M. KRUEGER (0085072)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

Telephone: 216.363.4500
Email: dkrueger@beneschlaw.com

Clark Hill PLC

*/s/ Michael J. Laszlo*
Michael J. Laszlo (#38206)
Veronica L. Vecchio (#37225)
2595 Canyon Blvd. Suite 210
Boulder, CO 80302
303-926-0410
mlaszlo@clarkhill.com
vvecchio@clarkhill.com

*Attorneys for Defendants PeopleConnect, Inc., Intelius LLC, PubRec, LLC, The Control Group Media Company, LLC, Instant Checkmate, LLC and Truthfinder, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2025, a copy of the foregoing Notice of Related Cases was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

>       /s/ David M. Krueger
> David M. Krueger
> Attorney for Defendants