# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03498

JOHN LARANCUENT, *on behalf of himself and others similarly situated*,

Plaintiffs,

v.

PEOPLECONNECT, INC., *et al.*,

Defendants.

## REPLY TO NOTICE OF RELATED CASES

Pursuant to D.C.COLO.LCivR 3.2, Defendants PeopleConnect, Inc., Intelius LLC, PubRec, LLC, The Control Group Media Company, LLC, Instant Checkmate, LLC and Truthfinder, LLC (collectively, "Defendants") hereby file this Reply regarding their Notice of Related Cases, (Dkt. 11)

1.    On February 7, 2025, Defendants filed a Notice of Related Cases identifying five related putative class action cases filed by the same counsel, four of which were serially filed on the same day.  (Dkt. 11.)  On February 11, 2025, Plaintiff filed an opposition to the Notice of Related Cases, asserting that relating the cases "might lead to confusion of the issues for the jury, the Parties, and the Court" and "would not expedite the ultimate resolution of the cases or conserve judicial economy."  (Dkt. 12.) Defendants here respond briefly.

2.    First, coordination of these cases before a single judge will promote judicial economy.  While Plaintiff seeks to focus on the hypothetical factual differences between the cases—namely that the defendant(s) in each case are different—Plaintiff cannot avoid that these matters raise similar allegations and an identical claim.  Crucially, the identical claim forming the

1

basis of all these cases is a matter first impression under Colorado's "Prevention of Telemarketing Fraud Act," C.R.S. § 6-1-304, *et seq*. ("PTFA").  These cases are likely to raise, in addition to facial pleading issues, critical and overlapping constitutional issues.  It makes little sense, for example, to have the issue of whether the PTFA violates the First Amendment or is preempted briefed on five separate schedules in five separate cases within the same district. Consequently, coordination before a single judge will promote judicial economy and avoid the risk of inconsistent decisions on identical legal issues.

3.    Second, Plaintiff's focus on the "confusion" that could befall the jury, the parties or the court is misplaced.  Defendants are simply identifying what the complaints make clear—the cases raise identical claims, similar (and oftentimes identical) allegations and were filed serially by the same counsel.  Therefore, the cases are related under to D.C.COLO.LCivR 3.2.  Further, Plaintiff fails to identify any actual risk of confusion that would result from coordination of these cases.  Should the courts agree that these cases are related, and should proceed before a single judge, the transferee court is well-suited to evaluate how to best coordinate pretrial proceedings to avoid duplicative briefing and avoid any confusion.

Respectfully submitted,

/s/ Michael J. Laszlo
Michael J. Laszlo (#38206)
Veronica L. Vecchio (#37225)

CLARK HILL PLC
2595 Canyon Blvd. Suite 210
Boulder, CO 80302
303-926-0410
mlaszlo@clarkhill.com
vvecchio@clarkhill.com

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

/s/ David M. Krueger
DAVID M. KRUEGER (0085072)
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
Email: dkrueger@beneschlaw.com


*Attorneys for Defendants PeopleConnect, Inc., Intelius LLC, PubRec, LLC, The Control Group Media Company, LLC, Instant Checkmate, LLC and Truthfinder, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2025, a copy of the foregoing Reply Notice of Related Cases was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Veronica L. Vecchio
Veronica L. Vecchio (#37225)
Attorney for Defendants